UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN KNIGHT,
    Plaintiff,
v.

EQUIFAX INFORMATION SERVICES, LLC, and
CREDIT COLLECTIONS SERVICES,

    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, KATHLEEN KNIGHT, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY HANSZ**, and for her Complaint against the Defendants, plead as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in Dearborn Heights, Wayne County, Michigan.

4. Venue is proper in the Eastern District of Michigan.

**PARTIES**

5. Plaintiff is a natural person residing in Dearborn Heights, Michigan.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia;

    b. Credit Collection Services d/b/a CCS Collections ("CCS") is a foreign company that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. The tradeline ("Errant Tradeline") of CCS are erroneously reporting as disputed on Plaintiff's Equifax credit file.

8. Plaintiff no longer disputes the Errant Tradeline.

9. On or about September 26, 2023, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline reporting with erroneous dispute notation.

10. On or about October 6, 2023, Plaintiff sent a letter to Equifax stating that she no longer disputes the Errant Tradeline and wants the dispute notation removed from the tradeline.

11. Equifax received Plaintiff's letter on November 2, 2023.

12. Equifax forwarded Plaintiff's letter to CCS.

13. CCS received Plaintiff's letter from Equifax.

14. On or about March 21, 2024, after not having received investigation results from Equifax, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and CCS failed or refused to remove the erroneous dispute notation from the Errant Tradeline.

15. Defendants' failures to remove the erroneous dispute notation make the Errant Tradeline false and misleading to any user of Plaintiff's credit report. It also damages Plaintiff by preventing her from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

16. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff also has suffered stress, anxiety, frustration, and other forms of emotional distress due to Defendants' failure to correct the errors in his credit files or improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT COLLECTION SERVICES D/B/A CCS COLLECTIONS**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Plaintiff's dispute of the Errant Tradelines, CCS negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

19. CCS negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation.

20. CCS's tradeline is inaccurate and creates a misleading impression in Plaintiff's credit file with Equifax to which it is reporting such tradeline.

21. As a direct and proximate cause of CCS's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration, and other forms of emotional distress.  Plaintiff also damages as a result of not being able to refinance.

22. CCS is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

23. Plaintiff has a private right of action to assert claims against CCS arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against CCS for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY**

## CREDIT COLLECTION SERVICES D/B/A CCS COLLECTIONS

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax and Plaintiff that Plaintiff disputed the accuracy of the information it was providing, CCS willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

26. CCS willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

27. As a direct and proximate cause of CCS' willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration, and other forms of emotional distress. Plaintiff also suffered damages as a result of not being able to refinance a mortgage.

28. CCS is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant her a judgment against CCS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

33. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration, and other forms of emotional distress.  Plaintiff also suffered damages as a result of being denied mortgage refinancing.

35. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

40. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

41. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration, and other

forms of emotional distress.  Plaintiff also suffered damages as a result of being denied mortgage refinancing.

42. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: April 9, 2024

/s/ Gary Hansz
Gary Hansz (P44956)
39111 Six Mile Rd., Ste. 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: gary.hansz@crlam.com
Attorney for Plaintiff